**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| QIAO ER WU, | CIVIL ACTION NO. 11-295 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| JANET NAPOLITANO, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

Plaintiff, Qiao Er Wu ("Wu"), brings this action seeking, inter alia, to compel Defendants, Janet Napolitano, Secretary of the Department of Homeland Security, and Alejandro Mayorkas, Director of United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants"), to immediately adjudicate and approve Wu's USCIS applications for waiver of inadmissibility and adjustment of immigration status ("Applications"). (Dkt. entry no. 1, Compl., Request for Relief at ¶ I.) Wu asserts that the Court has jurisdiction to compel the adjudication of her Applications under the Mandamus Act, 28 U.S.C. § 1361 ("Section 1361"), and the Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA"). (Id. at ¶¶ 2-3.) Defendants move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Dkt. entry

no. 10, Notice of Mot. & Def. Br. at 3-9.)[1]  Wu opposes Defendants' motion, asserting that the Court may enter an order in her favor because Defendants have failed to satisfy their duty to timely adjudicate her Applications.  (Dkt. entry no. 11, Pl. Opp.)[2]  The Court, pursuant to Local Civil Rule 78.1(b), decides the motion on the papers and, for the reasons stated herein, will grant Defendants' motion.

## BACKGROUND

Defendants do not dispute the following facts.  (Def Br. at 1-2.)  Wu, a citizen of the People's Republic of China, legally entered the United States in November of 1996 under a student visa.  (Compl. at ¶¶ 9-10.)  She thereafter sought to adjust her status to that of a lawful permanent resident, based upon a USCIS-approved labor certification and an employment-based immigration visa petition ("I-140 Petition").  (Id. at ¶ 11.)  While awaiting a decision upon her I-140 Petition, Wu departed

---

[1] Defendants also contend that the Court should dismiss the Complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  The Court will not discuss Defendants' alternative argument under Rule 12(b)(6), however, because the Court finds that disposition of the motion is controlled by Rule 12(b)(1).

[2] Wu styled her opposition to Defendants' motion as "Plaintiff's Cross-Motion for Summary Judgment And [sic] Opposition to Defendants' Motion to Dismiss."  (Dkt. entry no. 11.)  The Court will not discuss the merits of the cross motion, however, because the Court's disposition of the motion to dismiss renders such discussion moot.

from and reentered the United States, after inspection. (Id. at ¶ 12.) Upon the grant of her I-140 Petition, Wu, on January 29, 2009, filed USCIS forms I-601 (waiver of inadmissibility) and I-485 (adjustment of status application). (Id. at ¶¶ 13-14; dkt. entry no. 12, Decl. of Naboone J. Puripongs Jaeger ("Jaeger Decl.") at ¶ 5.) She also attended an adjustment of status interview on December 1, 2009 at the USCIS office in Mount Laurel, New Jersey. (Jaeger Decl. at ¶ 15.) To date, Wu's Applications have not been adjudicated. (Id. at ¶ 16.)

When an applicant seeks adjustment of status, the USCIS and Federal Bureau of Investigation ("FBI") conduct security and background checks, including FBI fingerprint checks, FBI name checks, checks against the Interagency Border Inspection System ("IBIS") maintained by the Department of Homeland Security, which includes information from more than twenty federal law enforcement and intelligence agencies. (Id. at ¶ 8.) Such measures ensure that applicants do not pose a risk to either public safety or national security. (Id.) They also ensure that applicants are eligible for immigration benefits, i.e., the status sought by application. (Id.) Here, Wu has submitted to and USCIS has completed such fingerprint checks, name checks, and IBIS checks. (Id.)

Defendants nevertheless maintain that they cannot immediately adjudicate Wu's Applications because USCIS, as a

predicate to such adjudication, must determine whether Wu is otherwise eligible for the immigration benefits she seeks.  (Dkt. entry no. 12, Def. Reply Br. at 2.).  Defendants specifically contend that USCIS must complete two investigations.  (Def. Br. at 6; Def. Reply Br. at 2; Jaeger Decl. at ¶¶ 10-12.)  First, they contend that USCIS must complete its review of Wu's previously-approved I-140 Petition and, based upon that review, determine whether it will now revoke that approval.  As Defendants correctly note, Section 205 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, grants USCIS the power to revoke a previously-approved I-140 Petition "at any time" for "good and sufficient cause."  (Jaeger Decl. at ¶¶ 10-11.)  See 8 U.S.C. §§ 1254-1255.  Because Wu's Applications are premised upon USCIS's prior approval of the I-140 Petition, Defendants reason that USCIS must determine whether it will revoke or uphold the prior approval of that I-140 Petition before Wu's Applications are ripe for review.  (Def. Reply Br. at 2; Jaeger Decl. at ¶¶ 10-11.)

    Defendants similarly contend that USCIS must determine whether Wu has violated Section 212 of the INA by "seek[ing] to procure . . . a visa, other documentation, or admission into the United States or other [immigration] benefit" by committing "fraud or willfully misrepresenting a material fact[.]"  (Jaeger Decl. at ¶ 13.)  See 8 U.S.C. § 1182(a)(6)(C)(i).  Because USCIS

has identified some evidence suggesting that Wu violated Section 212 of the INA, and because such a violation would render Wu otherwise ineligible for adjustment of status, Defendants maintain that USCIS must complete such investigations before adjudicating Wu's Applications.  (Jaeger Decl. at ¶ 12.)

**DISCUSSION**

Wu argues that the Court has jurisdiction to compel the adjudication of her Applications under Section 1361 and the APA.  (Compl. at ¶¶ 2-3.)  Defendants, in contrast, argue that the Court lacks jurisdiction under Section 1361 because Wu cannot show that she is entitled to an immediate adjudication and, therefore, cannot show that she is entitled to a writ of mandamus.  (Def. Br. at 5-6.)  Defendants also argue that Wu's inability to demonstrate that she is entitled to an immediate adjudication precludes judicial review of this case under the APA.  (Id. at 7-9.)

**I.   Standard of Review for a 12(b)(1) Motion to Dismiss**

"Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual.  Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true."  Common Cause of Pa. v. Pa., 558 F.3d 249, 257 (3d Cir. 2009) (citation omitted).  When ruling upon a facial attack, the Court may dismiss the complaint "only if it appears to a certainty that the plaintiff will not be

5

able to assert a colorable claim of subject matter jurisdiction." Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 438 (D.N.J. 1999).

Factual attacks differ greatly from their facial brethren. See Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Id. When considering a factual attack to subject matter jurisdiction, the Court may make factual findings, beyond the pleadings, to determine jurisdiction.  CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008); Iwanowa, 67 F.Supp.2d at 438 (noting that the Court may "consider affidavits, depositions and testimony to resolve factual issues bearing on jurisdiction.").

A Rule 12(b)(1) "factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has completed."  Mortenson, 549 F.2d at 891, 892 n.1 (explaining that "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted").  As Defendants have not filed an answer, the Court has determined that they have not controverted Wu's allegations and, therefore, considers the motion a facial attack

6

on subject matter jurisdiction.  While resolving the motion, the Court will accordingly only analyze the allegations contained in the Complaint.  Common Cause of Pa., 558 F.3d at 257.

**II.  The INA Precludes the Court's Exercise of Jurisdiction**

Section 1252 of the INA provides in pertinent part that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including [mandamus actions under Section 1361] . . . no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of status] . . . or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]

8 U.S.C. § 1252(a)(2)(B).

The parties agree that the ultimate decision to grant or deny Wu's Applications rests with either the Attorney General or the Secretary of Homeland Security.  (Def. Br. at 6-9; Pl. Opp. at 1-2.)  Their dispute arises, however, from the timing of that decision.  Defendants argue that they have discretion with respect to all aspects of adjudication of the Applications, including the time taken to complete each stage of the adjudication process.  (Def. Br. at 8; Def. Reply Br. at 1-2.)  Wu argues in response that Defendants have a non-discretionary duty to decide an application for change of residency status in a

reasonable amount of time and that, here, they have failed to do so. (Pl. Opp. at 1-2; dkt. entry no. 13, Pl. Reply Br. at 1.)

The regulation that speaks most directly to Defendants' discretion to withhold adjudication is 8 C.F.R. § 103.2(b)(18), which is entitled "Withholding adjudication." Section 103.2(b)(18) confers discretion on immigration officers and directors to withhold adjudication while applications are investigated. It provides that an immigration officer or director may withhold adjudication every six months if he or she "determines it is necessary to continue to withhold adjudication pending completion of the investigation." 8 C.F.R. § 103.2(b)(18). Because 8 U.S.C. § 1252(a)(2)(ii) addresses the Court's lack of jurisdiction over matters within the discretion of the Attorney General or the Secretary of Homeland Security, and because 8 C.F.R. § 103.2(b)(18) seemingly establishes that withholding adjudication is a matter of such discretion, the Court has determined that there is a lack of subject matter jurisdiction over this case.

The United States District Court for the Eastern District of Virginia addressed a factually similar case and reached the same conclusion, albeit for different reasons. Safadi v. Howard, 466 F.Supp.2d 696 (E.D.Va. 2006). In Safadi, the plaintiff asked the court to adjudicate his I-485 application after USCIS had completed all of the usual security checks. Id. at 697. USCIS

8

opposed the request and claimed that there were issues that required further inquiry.  Id.

Although that court did not discuss the implications of 8 C.F.R. § 103.2(b)(18), the reasoning employed in the Safadi decision nonetheless supports the Court's conclusion in this case.  The Safadi court noted that the term "action" in Section 1252 "encompasses any act or series of acts that are discretionary within the adjustment of status process, including the pace of [adjudication]."  Id. at 698, 700 (citations omitted, emphasis added).  That court thus concluded that it lacked subject matter jurisdiction to compel adjudication of the plaintiff's I-485 application.  Id. at 700.  That court further held that there was no jurisdiction under Section 1361 or the APA because the defendants had no clear, non-discretionary duty to adjudicate an I-485 application within a particular time period. Id. at 700.

District courts within the District of New Jersey, in Qui v. Chertoff and Serrano v. Quarantillo, followed the Safadi court's reasoning and similarly found that the lack of a non-discretionary duty precluded jurisdiction under Section 1361 and the APA, and, furthermore, that Section 1252 prohibited judicial review of the Attorney General's actions or inactions relating to the adjustment of a plaintiff's immigration status. Qui, 486 F.Supp.2d. 412, 416-18 (D.N.J. 2007); Serrano, No.

9

06-5221 (DRD), 2007 WL 1101434, at *2-*3 (D.N.J. Apr. 9, 2007). The plaintiffs in those cases, like Wu in this case, filed I-485 applications for change of residency status. Qui, 486 F.Supp.2d at 414; Serrano, 2007 WL 1101434, at *1. Both plaintiffs, like Wu, waited over two years before commencing actions seeking to compel the Attorney General to act on their respective applications. Qui, 486 F.Supp.2d at 414; Serrano, 2007 WL 1101434, at *1. In both cases, the district court denied the respective plaintiff's request for relief because it lacked subject matter jurisdiction over the Complaint. Qui, 486 F.Supp.2d at 416-21; Serrano, 2007 WL 1101434, at *4.

For the foregoing reasons, the Court accordingly concludes that it lacks subject matter jurisdiction in this case, having determined that Wu cannot "assert a colorable claim of subject matter jurisdiction." Iwanowa, 67 F.Supp.2d at 438. Section 1252 of the INA prohibits the Court from reviewing the withholding of adjudication while USCIS reviews Wu's Applications. 8 U.S.C. § 1252(a)(2); 8 C.F.R. § 103.2(b)(18). The Court finds further support from the Safadi, Serrano, and Qui courts and finds that 8 U.S.C. § 1252(a)(2) prohibits the Court, generally, from reviewing the pace at which Defendants adjudicate a particular I-485 application. See Qui, 486 F.Supp.2d at 416-19 (finding that Section 1252 prohibits judicial review of the Attorney General's inaction with respect to a request for

10

adjustment of immigration status); Serrano, 2007 WL 1101434, at *2-*3 (same); Safadi, 466 F.Supp.2d at 698 (noting that the term "action" in Section 1252 includes the pace of adjudication).

The Court notes, moreover, that it cannot exercise mandamus jurisdiction here because the Attorney General has discretion over whether to grant Wu's Applications and the time necessary to appropriately adjudicate them. See 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief under Section 1361 is an "extraordinary remedy," which should be utilized only to compel the performance of "a clear non-discretionary duty." Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); United States ex rel. Vaso v. Chertoff, 369 Fed.Appx 395, 400 (3d Cir. 2010) ("writs of mandamus are only available to compel 'a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion.'"). "An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." Harmon Cove Condo. Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987). Because Defendants' actions in adjudicating Wu's Applications are not ministerial, the Court cannot exercise mandamus jurisdiction in this case. See Vaso,

11

369 Fed.Appx. at 400 ("The adjudication of Vaso's [I-485 application] was not a ministerial act devoid of the exercise of judgment or discretion, and thus was not relief available through a writ of mandamus.").

## CONCLUSION

The Court, for the reasons set forth above, will grant the motion to dismiss.  The Court will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

Dated: September 29, 2011